**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL RIVERA,<br><br>                    Plaintiff,<br><br>                    v.<br><br>TRENTON STATE PRISON,<br><br>                    Defendant. | Civil Action No. 21-17069 (MAS) (LHG)<br><br>**OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff Angel Rivera's civil Complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-2.) Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, this Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed with prejudice as to the sole named Defendant, Trenton State Prison.

**I.    BACKGROUND**

      Plaintiff is a state prisoner currently confined in SCI Benner Township Prison in Bellefonte, Pennsylvania. (ECF No. 1 at 3). In 2018, however, he was serving a state prison sentence at New Jersey State Prison in Trenton, New Jersey. (*Id.* at 8.) While serving that sentence, on June 1, 2018, Plaintiff was "stabbed" by an unspecified individual during an

"administrative lock[] down," resulting in his receiving numerous stitches. (*Id.*) Plaintiff states that he "reported" that he felt threatened to "Internal Affairs" at the prison in April 2018. (*Id.*) Plaintiff does not specify what threat he reported, whether the threat he reported was actually from the person who ultimately stabbed him, or how the April 2018 threat was directly connected to the June 2018 stabbing. Based on this information, Plaintiff seeks to raise claims against New Jersey State Prison, which he calls by its previous name – Trenton State Prison, for its alleged failure to protect him.

## II.     LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. **DISCUSSION**

In his Complaint, Plaintiff seeks to raise a claim against New Jersey State Prison for failure to protect him from the individual who stabbed him in June 2018. In order to make out a claim for an official's failure to protect an inmate under the Eighth Amendment, a plaintiff must plead facts which permit a plausible inference that the plaintiff was "incarcerated under conditions posing a substantial risk of serious harm" and that the officer was "deliberately indifferent" to that risk of harm. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). An officer will only be deliberately indifferent where he knew of and disregarded a known risk of serious harm. *Belt*, 336 F.3d at 438. Even had Plaintiff named a proper § 1983 Defendant, he fails to meet this standard. Although he has pled that he was stabbed by persons unknown, and that he reported some form of threat to the prison two months before that incident, he does not plead that

3

he reported that he was under threat from the unknown person who ultimately stabbed him, nor that his report contained sufficient information to lead a reasonable officer to understand that Plaintiff was under a substantial risk of harm. As Plaintiff has not pled facts sufficient to show that any prison official knew of and disregarded a substantial risk of serious harm, he has failed to plead a plausible claim for failure to protect at this time and his Complaint must be dismissed as such.

Even had Plaintiff pled a plausible claim for relief, however, his Complaint suffers from two further deficiencies. First, Plaintiff names only one Defendant – the prison in which he was housed at the time. Prisons, however, are not persons subject to suit under § 1983 and any civil rights claim raised against a state prison must be dismissed with prejudice as a result. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013). The sole named Defendant in Plaintiff's Complaint must therefore be dismissed with prejudice. Plaintiff is free, however, to file a new complaint raising his claim against a different defendant to the extent he can repair the other deficiencies raised in this opinion.

Second, Plaintiff's claims arise out of events which occurred in June 2018, more than three years before he filed suit in this matter. Section 1983 claims arising out of New Jersey are subject to a two-year statute of limitations which generally accrues at the time of the alleged injury. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013); *see also Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Because Plaintiff's claims almost certainly accrued at the time he was stabbed – and thus new of the alleged failure to protect him – his Complaint thus appears to be untimely on its face by more than a year. Plaintiff provides only one excuse for his tardy filing – that the "Corona Virus" resulted in his prison being "locked down" for an unspecified period of time. While this Court does not doubt that lock downs occurred, those lock downs would have begun no earlier than March 2020 – when all but three months of the two-year period had elapsed – and

Plaintiff has not provided any information on his diligence or when those lock downs abated sufficient to warrant the application of equitable tolling at this time. *See, e.g., Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64-65 (3d Cir. 2021) (equitable tolling only available where the plaintiff has been reasonably diligent throughout the expired limitations period and either a defendant actively misled the plaintiff, the plaintiff was prevented from raising his claims by extraordinary circumstances, or plaintiff timely raised his claims in the wrong forum). Thus, to the extent Plaintiff chooses to file a new complaint raising his failure to protect claim against a defendant other than the prison, Plaintiff should directly address the time bar issue including his diligence, the length of any lockdowns, and how those lockdowns prevented him from timely filing.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as to the sole named Defendant. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE